# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST WINTERS,<br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS EMMETT, INC.,<br>et al.,<br>    Defendants. | CV 21-4052 DSF (SPx)<br><br>Order GRANTING Plaintiff's Motion to Remand (Dkt. 9) and DENYING as Moot Defendants' Motion to Compel Arbitration (Dkt. 13) |

Plaintiff Ernest Winters moves for remand. Dkt. 9 (Remand Mot.). Defendants Douglas Emmett, Inc.; Douglas Emmett Management, Inc.; and Douglas Emmett Management, LLC (collectively, Douglas Emmett) oppose, dkt. 20 (Remand Opp'n), and move to compel arbitration, dkt. 13. The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearings set for July 12, 2021 are removed from the Court's calendar. For the reasons stated below, the motion to remand is GRANTED, and the motion to compel arbitration is DENIED as moot.

## I. BACKGROUND

Winters is a former employee of Douglas Emmett Management, LLC. Dkt. 17 ¶ 4. The remaining defendants are related entities. Id. ¶ 2. Winters and Douglas Emmett entered into a dispute resolution agreement that requires arbitration of disputes arising out of or relating to the employment relationship. Id. ¶ 3 & Ex. A. Additionally, Winters completed and signed an employment application that

authorized Douglas Emmett to obtain a consumer report on Winters. Dkt. 11 (Winters Decl.) ¶ 2.

On March 18, 2021, Winters filed this putative class action in Los Angeles County Superior Court. Dkt. 1, Ex. A (Compl.). His complaint alleged claims for relief under the federal Fair Credit Reporting Act (FCRA) and California Private Attorneys General Act. Id. ¶¶ 47-75. Douglas Emmett removed the case on May 14, 2021, alleging this Court had federal question jurisdiction under 28 U.S.C. § 1331 because two of Winters' three claims are federal claims arising under the FCRA. Dkt. 1 at 1-4.

## II. LEGAL STANDARD

### A.    Remand

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

### B.    Standing

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2). The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

2

"To satisfy Article III standing, 'the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1042 (9th Cir. 2017) (brackets omitted) (quoting Spokeo, Inc. v. Robins (Spokeo II), 136 S. Ct. 1540, 1547 (2016)).  A plaintiff establishes an injury in fact, if "he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo II, 136 S. Ct. at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  However, "a plaintiff does not 'automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'  Even then, 'Article III standing requires a concrete injury.'" Robins v. Spokeo, Inc. (Spokeo III), 867 F.3d 1108, 1112 (9th Cir. 2017) (citation and brackets omitted) (quoting Spokeo II, 136 S. Ct. at 1549).

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist," and be "real" rather than "abstract." Spokeo II, 136 S. Ct. at 1548; see also Spokeo III, 867 F.3d at 1112 ("To establish such an injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that actually exists in the world; there must be an injury that is real and not abstract or merely procedural" (brackets and quotation marks omitted).  "'Concrete' is not, however, necessarily synonymous with 'tangible.'" Spokeo II, 136 S. Ct. at 1549.  "Although tangible injuries are perhaps easier to recognize . . . intangible injuries can nevertheless be concrete." Id.  For example, "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" Id. (quoting Lujan, 504 U.S. at 578).  Thus, although "some statutory violations, alone, do establish concrete harm," Spokeo III, 867 F.3d at 1113, "[i]n determining whether an intangible injury is sufficiently concrete, both history and the judgment of Congress play important roles." Eichenberger v. ESPN, Inc., 876 F.3d 979, 982 (9th Cir. 2017) (quotation marks omitted).

## III. DISCUSSION

The Court first addresses Winters' motion to remand. See SanDisk Corp. v. SK Hynix Inc., 84 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) ("[T]he Court finds that to reach Hynix's motion to compel arbitration the Court would first have to decide whether Hynix properly removed this case . . . .").

### A.    Motion to Remand

Winters argues the Court does not have subject matter jurisdiction because Winters' FCRA claims do not assert he has suffered an "injury in fact" that would satisfy Article III's case and controversy requirement. Remand Mot. at 1. In his Complaint, Winters alleges Douglas Emmett failed to make proper disclosures and failed to obtain proper authorization in violation of 15 U.S.C. § 1681b(b)(2)(A). Compl. ¶¶ 47-60. Pursuant to section 1681b(b)(2)(A), persons may not procure a consumer report unless they disclose in writing to the consumer in a document that consists *solely* of the disclosure that a report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2)(A). Winters alleges Douglas Emmett's disclosure violates this requirement because it did not consist solely of the disclosure. Compl. ¶¶ 3-4.

"A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate." Spokeo II, 136 S. Ct. at 1550." "In addition, not all inaccuracies cause harm or present any material risk of harm." Id. Violations of section 1681b(b)(2)(A) may give rise to a concrete injury when the allegations are sufficient to support the inference that a plaintiff "was deprived of the right to information and the right to privacy guaranteed by" the section. Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017). However, such a finding requires the reasonable inference that the violation caused actual confusion. See id. at 499-500.

Syed alleged a violation of the same FCRA provision as Winters does here, section 1681b(b)(2)(A). Id. at 499. That section creates "a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process." Id. It also "creates a right to privacy by enabling applicants to withhold permission . . . and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." Id. Syed alleged that he discovered the defendant had procured a consumer report on him only after he obtained and reviewed his personnel file. Id. From that allegation, the Circuit inferred Syed was not aware he was authorizing a credit check when he signed the form and was confused or would have declined to authorize the report had the disclosure been FCRA-compliant. Id. at 499-500.

On the basis of that confusion, the circuit found Syed alleged a concrete injury sufficient for Article III standing. Id. ("Syed alleged in his complaint that he 'discovered Defendant M-I's violation(s) within the last two years when he obtained and reviewed his personnel file from Defendant M-I and discovered that Defendant M-I had procured and/or caused to be procured a consumer report regarding him for employment purposes based on the illegal disclosure and authorization form.' This allegation is sufficient to infer that Syed was deprived of the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)([i])-(ii) because it indicates that Syed was not aware that he was signing a waiver authorizing the credit check when he signed it. Drawing all reasonable inferences in favor of the moving party, we can fairly infer that Syed was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." (quotation marks omitted)).

In arguing Winters suffered a concrete injury, Douglas Emmett relies heavily on Nayab v. Capital One Bank (USA), N.A., 942 F.3d 480 (9th Cir. 2019), a Ninth Circuit case decided after Syed. In Nayab, the circuit held that obtaining a credit report for a purpose not authorized under the FCRA was a substantive invasion of a concrete right

5

sufficient to confer standing.  Id. at 490.  This ruling pertained not to section 1681b(b)(2)(A), which is at issue here, but rather to section 1681(f)(1).  See id. (noting "obtaining a credit report for a purpose not authorized under the FCRA violates a *substantive* provision of the FCRA" rather than a section that "merely describe[s] a procedure that one must follow" (quotation marks omitted)).  Nayab therefore is irrelevant to the question of whether a violation of the FCRA's stand-alone disclosure requirement, section 1681(b)(2)(A), confers standing.  Additionally, since Nayab was decided, the Ninth Circuit, in an unpublished opinion, again ruled on standing under section 1681b(b)(2)(A) and again held that a violation of the FCRA's disclosure requirement alone did not result in a concrete injury.  Ruiz v. Shamrock Foods Co., 804 F. App'x 657, 659 (9th Cir. 2020).  Instead, the circuit reiterated the holding of Syed – that confusion or some other harm was required for standing.  See id. (holding plaintiffs failed to establish they had standing where they did not show "(1) they were confused by the inclusion of the references to state law and the liability waiver on the authorization form, and (2) [they] would not have signed it had it contained a sufficiently clear disclosure" (quotation marks omitted)).

     A recent Supreme Court decision, TransUnion LLC v. Ramirez, No. 20-297, 2021 WL 2599472 (U.S. June 25, 2021), while not directly on point, emphasized that a concrete injury is required for standing under the FCRA.  There the plaintiffs argued TransUnion failed to comply with its statutory obligations to (1) ensure credit files would not include inaccurate alerts labeling the plaintiffs as potential terrorists and (2) provide consumers with their complete credit files on request, including a summary of rights.  Id. at *10.  As to the disclosure and summary-of-rights claims, the Court held that the fact that TransUnion's mailings were formatted incorrectly did not cause the plaintiffs harm because there was no evidence that the class members opened the mailings, "nor that they were confused, distressed, or reli[ant] on the information in any way."  Id. at *15.  Additionally, the plaintiffs put forth no evidence that they "would have tried to correct their credit files . . . had they been sent the information in the proper

6

format." Id. The Court concluded that the class members did not have standing. Id.

Since Syed, a number of district courts have considered cases similar to this one and largely remanded them because they found there was no concrete injury. See Hebert v. Barnes & Noble, Inc., No. 19-cv-591-BEN (JLB), 2020 WL 3969915, at *3 (S.D. Cal. July 14, 2020) (holding the plaintiff did not have standing because she did not allege she was confused, or identify evidence of her confusion or that she would have declined to authorize a report had she clearly understood the required disclosure); Mendoza v. Aldi Inc., No. 2:19-cv-06870-ODW (JEMx), 2019 WL 7284940, at *2 (C.D. Cal. Dec. 27, 2019) (holding the plaintiff did not have standing where she did "not allege subsequent discovery, confusion from the form, or that she would not have signed the authorization had it been presented in an FCRA-complaint format"); Chicas v. Navigant Cymetrix Corp., No. 2:19-cv-06021-JFW-PLA (C.D. Cal. Nov. 7, 2019) (Dkt. 10-1) (holding the plaintiff did not have standing because she did "not allege, or permit the inference, that she was confused by the extraneous information contained in the disclosure form, or otherwise allege any economic or concrete injury"); Loeb v. ZipRecruiter, Inc., No. LA CV19-04288 JAK (MRWx), 2019 WL 4201082, at *4 (C.D. Cal. Sept. 5, 2019) ("Because the allegations in the Complaint do not state, or permit the inference, that Plaintiff was confused by the extraneous information, the alleged harm resulting from any violation of this Section is not sufficiently concrete to establish Article III standing for Plaintiff to assert this claim."); Moore v. United Parcel Serv., Inc., No. 18-cv-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) ("[The] complaint is devoid of allegations of confusion, error, or other harm from the alleged violations that might give rise to standing."); Williams v. Nichols Demos, Inc., No. 5:17-cv-07101-EJD, 2018 WL 3046507, at *4-5 (N.D. Cal. June 20, 2018) (holding the plaintiff failed to allege concrete harm because she did not plead confusion or lack of awareness regarding the forms).[1]

---

[1] Douglas Emmett points to two other district cases in support of its argument, Remand Opp'n at 7-8, both of which are inapposite. In Arnold v.

Douglas Emmett points to two sections of the Complaint in arguing Winters has standing. See Remand Opp'n at 7-8. First, the Complaint alleges, "[a]s a result of Defendants' wrongful acts and omissions, Plaintiff and other putative Class Members have been injured, including, without limitation, by having their privacy, informational, and statutory rights violated." Compl. ¶ 5. Additionally, the Complaint states Winters was "not informed" at the time he applied for employment that his credit report had been produced, and only "became aware" once his personnel file was produced in response to his attorneys' request. Id. ¶ 39. He also notes the language was "[b]uried" and "deceptively titled." Id. ¶¶ 29, 33. Douglas Emmett argues this language creates a reasonable inference that Winters was confused. Remand Opp'n at 8.

First, the mere "reference to invaded 'privacy and statutory rights' . . . [is] insufficient to describe a concrete and particularized harm." Moore, 2019 WL 2172706, at *1. Second, Winters submits a

---

DMG Mori USA, Inc., No. n18-cv-02373-JD, 2021 WL 1222160, at *2 (N.D. Cal. Mar. 31, 2021), the district court stated in dicta that "providing a disclosure form with extraneous information violates substantive informational and privacy rights under the FCRA" and does "not require a showing of 'actual damages.'" However, in that case, "both named plaintiffs declared that they were 'confused' about what they were signing, and that they might not have signed had they understood the forms." Id. at *3. Additionally, the district court relied in part on Gilberg v. California Check Cashing Stores, LLC, 913 F.3d 1169 (9th Cir. 2019), which does not discuss standing.

The second case, Palmer v. Citizens Bank, N.A., No. 20-cv-06309-JSC, 2021 WL 639023, at *2-3 (N.D. Cal. Jan. 15, 2021), was decided under a different section of the statute – section 1681b(f)(1) – which protects a substantive privacy interest, not a procedural interest. See Eichenberger, 876 F.3d at 982-83 (holding that where a statute provides a substantive, rather than procedural right, to establish standing a plaintiff need not plead any harm other than a violation of the statute). Palmer is therefore also inapposite.

declaration[2] with his motion, stating he was not confused by the extraneous information and would not have declined to sign the authorizations had they contained sufficiently clear disclosures as required by the FCRA. Winters Decl. ¶¶ 4-5.

The Court finds, as in the cases cited above, because Winters does not allege or permit the inference he was confused by the extraneous information in the disclosure form, or otherwise allege any concrete injury, Winters' case "is merely one to vindicate procedural violations of applicable credit reporting laws," and therefore the alleged harm does not establish Article III standing. Arzaga v. MemorialCare Med. Grp., No. 2:19-cv-00889-SVW-AGR, 2019 WL 1557446, at *1 (C.D. Cal. Apr. 10, 2019). Accordingly, the Court lacks subject matter jurisdiction over this action and must remand it to the California Superior Court in Los Angeles.

## B. Motion to Compel Arbitration

Because the Court grants the motion to remand and remands the action to the superior court, it does not reach Douglas Emmett's motion to compel arbitration. It DENIES the motion as moot.

---

[2] "If the remand motion challenges subject matter jurisdiction, the court may look to any relevant information the parties may present, including summary-judgment-type evidence such as affidavits or declarations." Kernan v. Health Care Serv. Corp., No. 2:18-cv-02491-ODW-SKx, 2018 WL 3046961, at *3 (C.D. Cal. June 19, 2018) (citing Polo v. Innoventions Int'l, LLC, 883 F.3d 1193, 1196 (9th Cir. 2016) and Ibarra v. Manheim Invs., Inc., 775 F.3d 1193 (9th Cir. 2015)). This is especially true here, where the plaintiff – who could easily amend his complaint – is the one who has provided supporting evidence.

## IV. CONCLUSION

Winters' motion to remand is GRANTED, and this action is REMANDED to Los Angeles Superior Court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Douglas Emmett's motion to compel arbitration is DENIED as moot.

IT IS SO ORDERED.

Date: July 2, 2021

_____
Dale S. Fischer
United States District Judge